**Alan COHEN and Lois COHEN**
**Plaintiffs**

v.

**David SCHEFF and Terri SCHEFF**
**Defendants**

**No. 133074**

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

**June 4, 1981**

**Irving Goodman** Counsel for plaintiff
**James A. Friedan** counsel for defendant

**RULINGS, ORDER, AND
MEMORANDUM OF DECISION
ON THE DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

The plaintiffs Cohen seek declaratory reflief establishing their rights as tenants under the lease of an apartment in a two-family residence owned and occupied by the defendants Scheff. The plaintiffs have amended their complaint to include a

claim under Sections 2 and 9 of Mass. Gen. Laws c. 93A, the Consumer Protection Act. (Complaint, Count II). The defendants have moved for partial summary judgment on the chapter 93A claim, asserting that they are not engaged in "trade" or "commerce" and thus are not subject to liability under the Act.

The issue of the applicability of chapter 93A to disputes between the owner-occupants of a two-family dwelling and their tenants has never been addressed by the Supreme Judicial Court. In **Linthicum v. Archambault,** Mass.Adv.Sh. (1979) 2661, n.9, the Court expressly indicated that it intimated no view as to whether chapter 93A would apply to such disputes. The question raised by the Scheffs' Motion for Summary Judgment is therefore one of first impression in the Commonwealth and its resolution involves an examination of the relevant statutory language and of the legislative purpose in enacting Mass.Gen.Laws c. 93A.

## RULINGS AND MEMORANDUM OF DECISION

Section 9 of Mass.Gen.Laws c. 93A affords a private remedy to the individual consumer who suffers a loss as a result of the use of an unfair or deceptive act or practice declared unlawful by sec. 2.[1] Section 2 proscribes "unfair or deceptive acts or practices in the conduct of any trade or commerce." The Court has interpreted this language to apply to those acts or practices which are perpetrated in a business context. **Lantner v. Carson,** 374 Mass. 606, 611 (1978). In **Lantner,** the Court held that Mass.Gen.Laws c. 93A is not available where the consumer transaction at issue is the isolated sale of a private residence. The Court reasoned that such a transaction is strictly private in nature and is not undertaken in the ordinary course of a trade or business.

In interpreting sec. 2 to apply only to those acts or practices which are perpetrated in a business context, the Court referred to the sharp distinction in sec. 9 and sec. 11 between a business person and an individual who participates in commercial transactions on a private non-professional basis.[2] Additionally, the Court examined the legislative purpose in enacting Mass.Gen.Laws c. 93A which was "to regulate business activities with the view to providing ... a more equitable balance in the relationship of consumers to persons conducting business activities." **Lantner, supra,** at 612, citing to **Dodd v. Commercial Union Ins. Co.,** 373 Mass. 72, 80 (1977), quoting from **Comm. v. DeCotis,** 366 Mass. 234, 238 (1974).

Applying a similar analysis to this action leads to the conclusion that a homeowner who rents part of his residence to meet mortgage payments is not subject to liability under Mass.Gen.Laws c. 93A. Transactions between landlords and tenants owning and occupying two-family residences are private in nature. Such a homeowner is in no better a bargaining position than the tenant.[3] To include such a relationship within the scope of Mass.Gen.Laws c. 93A would not serve to equalize the positions of the landlord and tenant. Rather, it would seem to arm the tenant

---

[1]Section 9 of Mass. Gen. Laws C. 93A provides in pertinent part "Any person ... who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two ... may bring an action in the superior court ..."

[2]Where § 9 provides a private remedy for ...individual consumer, § 11 extends the same remedy to "(a)ny person who engages in the conduct of any trade or commerce." The Court in **Lantner** determined that since this language of § 11 had been construed to apply to the "businessman," a similar construction should be given to the identical language when used in § 2. **Lantner, supra,** at 611.

[3]The facts before the Court indicate that in this particular case Cohen the tenant drafted the lease and negotiated some of its provisions.

433

with superior rights. See, **Note, Consumer Protection Legislation and the Assertion of Tenant Rights: The Massachusetts Paradigm,** 59 B.U. L. Rev. 483, 508 (1979).

## ORDER

Accordingly, the defendants' Motion for Partial Summary Judgment on Count II of the Complaint is ORDERED allowed.

By the Court.
Paul G. Garrity
Justice of the Superior Court